Christine KOLANO, Plaintiff—
Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY; Group Insurance Plan
Number 625, Defendants—Appellees.

No. 07–55062.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed May 29, 2008.

Glenn R. Kantor, Esq., Kantor & Kantor, LLP, Northridge, CA, Russell G. Petti, Esq., Law Offices of Russell G. Petti, La Canada, CA, for Plaintiff–Appellant.

Robert K. Renner, Esq., Royal F. Oakes, Esq., Barger & Wolen, LLP, Irvine, CA, for Defendants–Appellees.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

Christine Kolano appeals from the district court's refusal to overturn the denial of her claim for disability benefits as untimely.

The district court granted judgment in Met Life's favor, holding, among other things, that Kolano failed to rebut an Iowa state law presumption of prejudice to Met Life. We disagree. Assuming without deciding that the Iowa version of the notice-prejudice rule is not preempted as applied to ERISA plans, *cf. UNUM Life Ins. Co. of Am. v. Ward,* 526 U.S. 358, 363, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), we reverse. In doing so, we express no opinion as to the merits of Kolano's LTD benefits claim. We only hold that Met Life was not prejudiced by her untimely notice, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that the district court clearly erred in concluding otherwise.

In considering an insured's compliance with the notice provision of an insurance contract, the Iowa Supreme Court has stated:

> [T]he insured must show substantial compliance with the condition.... If the insured cannot show substantial compliance, the insured, to maintain an action against the insurer, must show that the failure to comply was excused, or that the requirements of the condition were waived, or that failure to comply was not prejudicial to the insurer.... Unless the insured shows such substantial compliance, excuse, waiver, or lack of prejudice to the insurer, prejudice must be presumed. The presumption is rebuttable, but unless the presumption is overcome by a satisfactory showing of lack of prejudice, the presumption will defeat the insured's recovery.

*Grinnell Mut. Reins. Co. v. Jungling*, 654 N.W.2d 530, 541–42 (Iowa 2002) (internal citations omitted). Applying this standard, Kolano met her burden of rebutting the presumption of prejudice to Met Life.

First, Kolano submitted medical records from the time during which she was employed by Rockwell and from the ensuing months. Met Life could have used those records to determine whether she likely became disabled while she was still employed by Rockwell and was thus covered under Rockwell's LTD Plan. The pertinent evidence was considerably more expansive than the district court recognized.

Among other things, for prejudice purposes we consider what would have been available had notice and proof been provided timely, not what was available at the time the claimant became disabled.[1] In this instance, the Plan allows the submission of proof of a disability up to nine months after the onset of the disability (and allows submission later—with no set deadline—if it was not reasonably possible for the insured to provide notice within six months or proof within nine months). Consequently, the assessment of prejudice should have included medical records, including films, from up to nine months after the alleged onset of her disability. Also, the prejudice assessment should not have assumed, as it did, that timely notice and proof would have permitted Met Life to request a medical examination during or right after the date of termination.

Met Life maintains that the medical evidence did not support Kolano's claim that she was fully disabled while working at Rockwell. This argument confuses the prejudice issue with the merits of benefit eligibility. If the medical evidence a claimant submits is sparse and does not demonstrate that she is disabled, then the ERISA plan administrator can deny benefits for that reason. The plan is not thereby prejudiced in determining the claim for benefits.

Second, the Social Security Administration made a finding, based on a claim for disability benefits submitted by Kolano more than a year after she was laid off by Rockwell, that she became disabled at the time she was still employed. That the Social Security Administration could make this determination on the evidence available to it indicates that there was enough medical evidence available subsequent to Kolano's termination to determine whether

1. We do not hold that in considering Kolano's claim on remand, Met Life only needs to consider evidence from up to nine months after the onset of her alleged disability. We consider that specific period for prejudice purposes only. In considering Kolano's LTD claim on remand, Met Life should consider all evidence submitted by Kolano, to the extent it is relevant in determining whether she was fully disabled while covered by Met Life's LTD Plan.

she was disabled during the time of her employment. Also, the medical evidence gathered for the Social Security proceedings would have been available to Met Life in making its decision. Of course, the Social Security Administration's grant of benefits is not determinative of the merits of Kolano's claim for ERISA LTD benefits, but the federal agency's ability to make the decision is probative, supporting a finding that there was no prejudice to Met Life.

Third, Rockwell expended significant resources on special equipment, such as a special chair and work station, for Kolano in an attempt to accommodate her injuries, and Rockwell personnel were involved in evaluating her need for disability accommodation. The company thus had some information about the extent of her physical and functional impairments, diminishing the need for outside evaluation.

Fourth, while it is possible, as Met Life suggests, that records or witnesses could have been lost during the period of delay, there is no indication whatever that this occurred here.

Finally, although the burden of proof in rebutting the presumption of prejudice is on Kolano, it is of some significance, especially in light of the facts discussed above demonstrating a lack of prejudice to Met Life, that Met Life presented no evidence, either specific to this case or with respect to its general practices, that it would have requested a contemporaneous medical examination of Kolano or that it suffered any prejudice in its ability to assess the claim for benefits from the untimely notice and proof.

Given all these considerations, Kolano has met her burden of rebutting the presumption of prejudice to Met Life. As a result, Met Life cannot deny Kolano's claim for LTD benefits as untimely. *See Grinnell Mut. Reins.*, 654 N.W.2d at 542.

For the reasons stated above, the district court clearly erred in concluding that Kolano failed to meet her burden of demonstrating a lack of prejudice. The district court's entry of judgment in Met Life's favor is **REVERSED,** and this case is **REMANDED** to the district court with instructions to remand this case to Met Life, as the Plan's administrator, to evaluate the merits of Kolano's LTD claim and for further proceedings consistent with this decision.

**REVERSED and REMANDED.**